# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

Jeremy A. Tigan
(302) 351-9106
jtigan@mnat.com

February 6, 2019

The Honorable Leonard P. Stark                    *VIA ELECTRONIC FILING*
United States District Court
  For the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    *CyDex Pharmaceuticals, Inc. v. Teva Pharmaceuticals, USA, Inc., et al.*
             C.A. No. 17-1832 (LPS)

Dear Chief Judge Stark:

      This is an ANDA case where the Patents-in-Suit relate to an inactive ingredient (called a cyclodextrin) that Defendants intend to use in their ANDA product. CyDex developed and sells highly specialized cyclodextrins that improve the solubility, stability, bioavailability, and dosing of the active pharmaceutical ingredient. The Patents-in-Suit recite various physical properties of the cyclodextrins developed by CyDex, and processes for producing them. The Defendants infringe the Patents-in-Suit because Defendants' ANDA product will include an infringing cyclodextrin having the claimed physical properties and that is made by the claimed processes.

      Defendants allege they do not infringe, but have not identified any limitation of the Patents-in-Suit that their cyclodextrin allegedly fails to meet. The physical properties of the cyclodextrin Defendants intend to use in their ANDA product are highly relevant and potentially the sole technical issue in the case. Nonetheless, Defendants refuse to provide core technical documents describing the cyclodextrin they intend to use. Defendants limited their production to the ANDA itself, even though it does not recite the relevant physical properties of the cyclodextrin.

      CyDex respectfully requests the Court order Defendants to immediately produce core technical documents sufficient to identify the claimed physical properties of the cyclodextrin Defendants intend to use in their ANDA product, and the process used to produce that cyclodextrin.

The Honorable Leonard P. Stark
February 6, 2019
Page 2

**Defendants Have Not Produced Core Technical Documents**

Under Paragraph 4(b) of the Default Standard for Discovery, Defendants have an obligation to produce "core technical documents related to the accused product(s), including but not limited to operations manuals, product literature, schematics, and specifications." Defendants must produce technical documents relating to the infringement analysis of an asserted patent. *See Greatbatch v. AVX*, 179 F.Supp.3d 370, 375-376 (D. Del. Apr. 18, 2016) (finding technical documents relating what "may be the most important component of [the product as it] relates to an infringement analysis" of the Patents-in-Suit are core technical documents).

The cyclodextrin component of Defendants' ANDA product is the only component of the ANDA product relevant to the infringement analysis. Yet, Defendants produced only their ANDA, which does not disclose the relevant properties of the cyclodextrin (or its method of manufacture). Defendants refuse to provide core technical documents related to their cyclodextrin. Accordingly, CyDex requests that the Court compel Defendants to produce core technical documents consistent with the scope of the claims, as required by Paragraph 4(b) of the Default Standard for Discovery. Specifically, CyDex requests that the Court order Defendants to produce documents sufficient to identify the physical characteristics of the cyclodextrin in their ANDA product, as well as the manufacturing and purification processes for the cyclodextrin.

**Defendants' Failure to Identify any Basis for their Non-Infringement Contentions Highlights the Need for Core Technical Documents**

Defendants' refusal to produce core technical documents is not the first time they have flouted their obligation to identify any basis for their allegations of non-infringement. Defendants' Notice Letter did not identify any non-infringement arguments, or identify any limitation of the Patents-in-Suit that was allegedly not satisfied. Defendants' Answer and Counterclaims included conclusory allegations of non-infringement based on allegations of invalidity, which failed to identify any limitation that was not satisfied. *See* D.I. 14. On April 2, 2018, CyDex informed Defendants that their conclusory allegations were insufficient to support counterclaims for non-infringement. (Ex. 1)

In order to avoid motions practice, Defendants agreed to provide non-infringement contentions containing the missing factual support for their non-infringement counterclaims. (Ex. 2) Specifically, Defendants agreed to serve non-infringement contentions "providing a responsive claim chart relating Defendants' factual basis for asserting that they do not infringe, including contentions as to which, if any, element of each asserted claim is not present, literally or by equivalence, in Defendants' accused product" within 30 days of CyDex serving its initial infringement contentions. *See* D.I. 22. In exchange, CyDex agreed to forego filing a Motion to Dismiss Defendants' deficient counterclaim of non-infringement. (Ex. 3)

Unfortunately, Defendants did not honor the agreement they had proposed, or comply with the Scheduling Order. On December 21, 2018, Defendants served severely deficient non-infringement contentions. Rather than provide "Defendants' factual bases for asserting that they

The Honorable Leonard P. Stark
February 6, 2019
Page 3

do not infringe, including contentions as to which, if any element of each asserted claim is not present," Defendants simply state that CyDex has not met its burden of proving infringement on each claim limitation. For the fourth time, Defendants ignored their obligation to provide information to support their allegations that the cyclodextrin they intend to use in their ANDA product does not infringe the Patents-in-Suit. Defendants failed to identify any basis of non-infringement in their Notice Letter, failed to include any factual allegations to support their counterclaims of non-infringement, refused to provide core technical documents sufficient to identify the relevant physical properties of the cyclodextrin they intend to use in their ANDA product, and failed to provide any factual information in their non-infringement contentions sufficient to identify any claim limitations they allege are not satisfied.

Defendants' failures have prevented CyDex from obtaining information regarding infringement. If Defendants have a non-infringement argument, they should disclose it, and produce the supporting technical documents. If they do not have any non-infringement argument, they should concede infringement and the parties can focus on litigating validity.

Accordingly, Defendants should be compelled to produce core technical documents related to the cyclodextrin in the ANDA product, including documents sufficient to identify the characteristics of that cyclodextrin (e.g., the phosphate levels, chloride levels, and UV/vis absorption properties), and the manufacturing and purification processes.

Respectfully,

Jeremy A. Tigan (#5239)

JAT/rs
Enclosures
cc: Clerk of Court (by hand delivery)
    All Counsel of Record (by e-mail)