

David M. Fry
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0705– Direct
dfry@shawkeller.com

February 8, 2019

**BY CM/ECF AND HAND DELIVERY**
The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

  Re: *CyDex Pharm., Inc. v. Teva Pharm. USA, Inc.*, et al., C.A. No. 17-1832-LPS

Dear Chief Judge Stark:

  Defendants Teva and Actavis (collectively, "Teva") submit this letter in response to Plaintiff CyDex's February 6, 2019 letter requesting that Teva produce "core technical documents" allegedly supporting a finding of infringement.  The Court should deny the requested relief for the simple reason that Teva has already produced all core technical documents in its possession, custody or control, and is not withholding any such documents from production.  Teva has already represented that to CyDex.  CyDex's request is thus an unwarranted demand that Teva expedite its full-scale production of all possibly relevant documents well in advance of the agreed and Court-ordered deadline of March 22 for substantial completion of document production.

  At the end of its letter, CyDex also demands that Teva "concede infringement" based on alleged deficiencies in Teva's counterclaims and responses to CyDex's infringement contentions. Teva disagrees with CyDex's characterizations, but in any event, they are not relevant to whether Teva complied with its obligation to produce core technical documents.  CyDex's discovery letter is not the proper vehicle to raise the ultimate issue of infringement.  Nor is Teva required to "concede infringement" simply because, in CyDex's view, the core technical documents do not rule out the possibility of infringement.  CyDex has it backwards.  It is CyDex's burden to prove infringement, not Teva's to disprove it.  *Under Sea Indus., Inc. v. Dacor Corp.*, 833 F.2d 1551, 1557 (Fed. Cir. 1987) ("The burden always is on the patentee to show infringement."). The "core technical documents" requirement does not shift the burden to Teva to affirmatively prove at this early stage of the case that it is not an infringer.  Because Teva fully complied with that requirement, CyDex's request to compel production of core technical documents is moot and should be denied.

**I. Teva Has Produced All Core Technical Documents.**

  Teva agrees that the patents-in-suit primarily relate to an inactive ingredient called cyclodextrin.  More particularly, the patents relate to processes for purifying cyclodextrin, and cyclodextrin compositions with certain maximum levels of alleged impurities.  Teva uses a form of cyclodextrin as an inactive ingredient in its proposed ANDA product, but the parties dispute whether it infringes any of the asserted claims.  CyDex knows, but does not mention in its letter, that Teva does not make the cyclodextrin used in its ANDA product.  Teva buys the cyclodextrin for its ANDA product "off the shelf" from an overseas third-party manufacturer.

  The Scheduling Order provides that Teva must provide "the core technical documents related to the accused product(s), as required by Paragraph 4(b) of the default standard." D.I. 24 at 2.  In

The Honorable Leonard P. Stark
Page 2

turn, Paragraph 4(b) of the Court's Default Standard for Discovery requires that Teva produce "core technical documents related to the accused product(s), including but not limited to operations manuals, product literature, schematics, and specifications." The "accused product" in this case is Teva's ANDA product—generic melphalan hydrochloride—as accused in CyDex's Complaint and Paragraph 4(a) Disclosures. Teva has more than met its obligation to produce core technical documents under these circumstances.

First, Teva timely produced its entire ANDA, which consists of the core technical documents for its accused ANDA product. Contained in that production were several documents related to the cyclodextrin Teva uses. These include Certificates of Analysis provided by the third-party supplier in the normal course of regulatory filings that describe many characteristics of the cyclodextrin. These documents satisfied Teva's obligation to produce core technical documents, but Teva did not stop there.

Second, Teva obtained from the third-party product supplier a copy of the "open" Drug Master File ("DMF") for the cyclodextrin in Teva's ANDA product, and produced that to CyDex. This document contains many test results and other data about the cyclodextrin Teva uses. CyDex does not mention that document in its letter.

Third, beyond documents, Teva agreed to expedite the production of physical samples of the cyclodextrin it uses in the proposed ANDA product. Teva is in the process of producing those samples, and CyDex will be free to conduct any tests it wants with them (if CyDex has not already procured samples for itself from the supplier).

Fourth, Teva has confirmed that, without the benefit of full document collection and review, it is not aware of any document custodians, files, folders, drives or other locations in its possession, custody or control that have any additional documents about the manufacturing process or physical characteristics of the cyclodextrin used in the accused ANDA product.

Teva met its obligation to produce all core technical documents through these efforts.

II.     **CyDex's Understanding of "Core Technical Documents" Is Incorrect.**

CyDex is wrong to suggest that "core technical documents" encompass other documents. Specifically, CyDex wrongly suggests that core technical documents include *any* "[1] documents sufficient to identify the characteristics of the cyclodextrin (e.g., the phosphate levels, chloride levels, and UV/vis absorption properties), and [2] the manufacturing and purification processes." CyDex unsuccessfully tried to include a substantively identical request in its proposed scheduling order. The Court rejected CyDex's expansive reading of the core technical document production requirement by striking references to the cyclodextrin documents CyDex now seeks from the Scheduling Order. *See* D.I. 24 at 2. Teva raised this fact during the parties' meet-and-confer discussions, yet CyDex's letter does not even mention the Court's earlier rejection of its request in entering the Scheduling Order, much less provide any grounds for reconsideration of that decision.[1]

---

[1] CyDex's request is essentially an untimely motion for reargument, which should have been filed within 14 days of the Court's entry of the scheduling order (more than six months ago). D. Del. LR 7.1.5(a). This provides an independent basis for denying CyDex's request.

CyDex also suggests that the "core technical documents" standard requires immediate production of all documents "sufficient to identify the claimed physical properties of the cyclodextrin . . . and the process used to produce that cyclodextrin." In other words, CyDex redefines "core technical documents" to encompass all documents potentially related to the question of infringement. CyDex cites no authority for that position, which would effectively require parties to complete their entire document production at the beginning of every case, and render the later deadline for substantial completion of document production meaningless.

### III.   Teva Will Produce Responsive, Relevant Documents Upon a Reasonable Search.

To be sure, CyDex has served document requests that cover the information it wants about processes and characteristics of the cyclodextrin Teva uses. Teva is currently collecting, reviewing, and producing responsive documents from a host of custodians and locations. Teva timely disclosed the custodians and search terms it is using to locate those documents, and CyDex has not objected to them. To the extent Teva finds non-privileged documents responsive to CyDex's request, Teva will produce them subject to its stated objections as discussed with CyDex. The deadline for the substantial completion of this document production is March 22, 2019, and Teva intends to comply with that deadline. But Teva is unable to identify now, without having completed its ongoing, full-scale collection and production, any other documents that exist in its possession, custody or control that have the information CyDex seeks in its letter. Because Teva is not withholding any documents responsive to CyDex's request, its motion to compel is unripe and should be denied.

At bottom, CyDex's request for more "core technical documents" essentially asks the Court to accelerate the Scheduling Order's document production deadline for infringement evidence two months before the agreed deadline for document production. The Court should deny that request and allow this case to move forward as scheduled.

Respectfully submitted,

*/s/ David M. Fry*

David M. Fry (No. 5486)

cc:   Clerk of the Court (by hand delivery)
      Counsel of Record (by CM/ECF & email)