IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CYDEX PHARMACEUTICALS, INC., | ) |
| | ) |
| Plaintiff, | ) Public Version |
| | ) |
| v. | ) C.A. No. 17-1832-LPS |
| | ) |
| TEVA PHARMACEUTICALS USA, INC. | ) |
| and ACTAVIS, LLC, | ) |
| | ) |
| Defendants. | ) |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM KAREN E. KELLER**

OF COUNSEL:
George C. Lombardi
Kevin E. Warner
Ryan B. Hauer
Alison Heydorn
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
(312) 558-5852

Charles B. Klein
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
(202) 282-5977

Eimeric Reig-Plessis
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
(415) 591-1000

Dated: August 6, 2019

Karen E. Keller (No. 4489)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700

kkeller@shawkeller.com
*Attorneys for Defendants*



Karen E. Keller
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0702– Direct
kkeller@shawkeller.com

August 6, 2019

**BY CM/ECF AND HAND DELIVERY**
The Honorable Jennifer L. Hall
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:   *CyDex Pharm., Inc. v. Teva Pharm. USA, Inc.*, et al., C.A. No. 17-1832-LPS

Dear Magistrate Judge Hall:

This firm, together with Winston & Strawn LLP, represents Defendants ("Teva") in this pharmaceutical patent litigation brought by Plaintiff CyDex Pharmaceuticals. We write pursuant to the Court's July 29 Order (D.I. 97) to raise two discovery disputes.

As background, CyDex owns patents related to an inactive pharmaceutical ingredient called "cyclodextrin." CyDex did not invent cyclodextrin; its patents only cover a specific purified form of cyclodextrin. CyDex contends that Teva uses infringing cyclodextrin in its proposed generic version of a marketed drug called Evomela®, and therefore seeks to enjoin FDA's approval of Teva's generic product. Teva admits its generic product contains cyclodextrin, but denies that CyDex has met its burden of proving that the cyclodextrin has all of the purity characteristics claimed in the patents. Teva also argues that the patents are invalid. One invalidity argument is that CyDex sold or offered to sell the patented cyclodextrin in the United States more than one year before CyDex applied for its patents. If so, the patents are invalid under a statute called the "on-sale bar." At the time CyDex first applied for its patents, that statute prohibited patenting products that were "on sale in this country, more than one year prior to the date of application for patent in the United States." 35 U.S.C. § 102(b) (2007).

The present dispute involves two issues related to these facts. The first is whether CyDex can withhold from discovery the details of cyclodextrin sales or offers for sale that it made in the United States more than one year before applying for its patents, including dates, commercial terms, and customer-identifying information. Teva served discovery requests seeking that information, which is highly relevant to Teva's § 102(b) on-sale bar defense. Yet CyDex refuses to produce information that allows Teva to identify the customers that bought or were offered CyDex's cyclodextrin, let alone when or where those events occurred. CyDex is thus directly impeding Teva's ability to fully prosecute its "on-sale bar" defense. Teva seeks an order compelling CyDex to produce this customer-identifying information.

Second, CyDex initially produced, but recently "clawed back," documents related to ▓. It then prohibited the named inventor of the patents from giving full testimony about ▓ at his deposition. Instead, CyDex alleges that the documents are privileged work product or attorney-client communications. Yet CyDex cannot meet its burden of proving that an attorney was at all involved in any way with ▓. Teva thus respectfully requests that the Court order CyDex to re-produce the documents and re-produce the named inventor to testify about them.

The Honorable Jennifer L. Hall
Page 2

## I. CyDex should be compelled to produce its customer-identifying information.

CyDex has no basis to withhold customer-identifying information related to its cyclodextrin sales, which is highly relevant to Teva's on-sale bar invalidity defense under § 102(b). This information includes purchase orders, sales receipts, and shipping evidence, as well as unredacted versions ▮

As discussed, Teva plans to present evidence at trial showing that CyDex's patents are invalid because (a) CyDex sold or offered to sell cyclodextrin that (b) has the properties claimed in CyDex's patents (c) more than one year before CyDex applied for its patents and (d) the sales were in this country. A typical way to show whether a sale occurred "in this country" under § 102(b) is to identify the name and location of the purchasing customer. Indeed, courts often invalidate patents under § 102(b) based on location-identifying evidence like purchase orders and sales receipts. See, e.g., *Pfaff v. Wells Elecs.*, 525 U.S. 55, 67 (1998) (holding "acceptance of the *purchase order* prior to April 8, 1981, ma[de] it clear that such an offer [for sale] had been made") (emphasis added); *Crystal Semiconductor Corp. v. Tritech Microelectronics*, 246 F.3d 1336, 1352-53 (Fed. Cir. 2001) (citing purchase orders to affirm invalidity under § 102(b)); *S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 567 F. App'x 945, 951 (Fed. Cir. 2014) (same).

Teva's request here asks for nothing more than this unquestionably relevant information. CyDex refuses to provide it. None of the grounds CyDex raised for its refusal in the meet-and-confer process have merit. First, CyDex argued that "the identity of any customers who purchased [its cyclodextrin] are irrelevant and not proportional to the needs of the case," without citing any authority. Exh. B at 2. But just the opposite is true—courts have held that customer-identifying information is highly relevant to proving the "in this country" element of the on-sale bar defense. See *Sensormatic Elecs. Corp. v. Tag Co.*, 2008 WL 11333551, at *1 (S.D. Fla. Jan. 10, 2008) (ordering patentee to produce "customer identity and volume information," which "is crucial to Defendants' on-sale bar defense and is routinely offered in patent infringement proceedings where the on sale bar defense is raised"). Second, CyDex argued its customer information is confidential. But there is a stipulated protective order in place in this case that protects confidential information and prohibits using it "for any purpose other than this litigation." D.I. 34, ¶ 3(d). Third, CyDex initially offered to stipulate that certain sales were made "in this country." But CyDex then refused to agree to the stipulation Teva proposed, and has since made clear it intends to argue its sales were for "experimental" uses that CyDex contends would not invalidate its patents. Information about "the identity of the person conducting the experiment" and "the nature of the contacts made with potential customers" is relevant to rebutting the argument that a "sale is for experimental purposes." *Leader Techs., Inc. v. Facebook, Inc.*, 770 F. Supp. 2d 686, 712-13 (D. Del. 2011).

CyDex should thus be compelled to produce customer-identifying information, such as the addresses of customers, purchase orders, sales receipts, and shipping evidence, as well as unredacted versions of ▮ ▮ that occurred before April 28, 2007, which is "one year prior to the date of application" for CyDex's patents. 35 U.S.C. § 102(b) (2007).

The Honorable Jennifer L. Hall
Page 3

II. **CyDex has not met its burden to show that documents and testimony regarding its third-party cyclodextrin testing are immune from discovery.**

On the night before Teva deposed the named inventor of CyDex's patents, Vincent Antle, CyDex clawed back several documents related to its internal testing of cyclodextrins. At the deposition, CyDex also instructed Dr. Antle not to answer questions about that testing. The only purported basis for the clawback is that the documents reflect attorney work product or attorney-client communications. Teva contends that 12 of these documents are not subject to any privilege or protection and must be re-produced. They are summarized in the log attached as Exhibit C.

"The party claiming protection of the [work-product] doctrine bears the burden of demonstrating that the documents were prepared by or for counsel in preparation for trial or in anticipation of litigation." *WebXchange Inc. v. Dell Inc.*, 264 F.R.D. 123, 128 (D. Del. 2010). The work-product doctrine can extend to non-attorneys only "so long as they are acting under the direction of an attorney." *INVISTA N. Am. V. M&G USA Corp.*, 2013 WL 12171721, *4-5 (D. Del. June 25, 2013) ("[The work-product] doctrine protects papers prepared by or on behalf of attorneys in anticipation of litigation."). Similarly, "[t]he party seeking to invoke the attorney-client privilege has the burden of establishing" that "the person to whom the communication was made [ ] is a member of the bar of a court" and was "acting as a lawyer." *Robert Bosch LLC v. Pylon Mfg. Corp.*, 263 F.R.D. 142, 145 (D. Del. 2009) (quotation omitted).

There is no credible evidence that the clawed-back documents are subject to either of these privileges under these standards. First, there is no evidence attorneys were involved with ███████. The entirety of the testimonial record comes from Dr. Antle, who is not an attorney. ███████ During the parties' first meet and confer, CyDex admitted it was still investigating whether the direction to test came from an attorney. CyDex's counsel now claims to have had an off-the-record conversation with Dr. Antle after his deposition, ███████ Neither CyDex's current counsel, nor Dr. Antle, nor Ms. Kim, have provided any sworn testimony that any of this is correct.

Second, even if Ms. Kim were somehow "involved" with ███████ an attorney simply being "involved" does not automatically protect documents under the work-product doctrine. Instead, CyDex has the burden to show that the testing was done at the direction of an attorney *in anticipation of litigation*. CyDex has not shown that this ███ was done at the direction of, or even supervised by, an attorney, let alone in anticipation of litigation, so documents related to that testing are not protected by the work-product doctrine. Teva has asked CyDex for affidavits from these witnesses or others to establish the claim of privilege or work-product protection. CyDex has provided nothing except vague, conflicted attorney argument and hearsay. That is not enough to meet CyDex's burden to shield relevant information from discovery.

III. **Conclusion**

Teva respectfully requests that the Court issue an order compelling CyDex to (1) produce the customer-identifying information Teva requested; and (2) produce documents CyDex clawed back concerning ███████ and produce Dr. Antle to testify about them.

The Honorable Jennifer L. Hall
Page 4

                                                        Respectfully submitted,

                                                        */s/ Karen E. Keller*

                                                       Karen E. Keller (No. 4489)

cc:      Clerk of the Court (by hand delivery)
          Counsel of Record (by CM/ECF)

**CERTIFICATE OF SERVICE**

I, Karen E. Keller, hereby certify that on August 6, 2019, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Jeremy A. Tigan
MORRIS, NICHOLS, ARSHT
 & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

Benjamin A. Katzenellenbogen
Ali S. Razai
Kim A. Kennedy
Karen Cassidy
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760-0404
ben.katzenellenbogen@knobbe.com
ali.razai@knobbe.com
kim.kennedy@knobbe.com
karen.cassidy@knobbe.com

Joseph Reisman, Ph.D.
Ashley C. Morales
KNOBBE MARTENS OLSON & BEAR LLP
12790 El Camino Real
San Diego, CA 92130
(858) 707-4000
joseph.reisman@knobbe.com
ashley.morales@knobbe.com

*/s/ Karen E. Keller*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
dfry@shawkeller.com
*Attorneys for Defendants*

# **EXHIBIT A**

# Redacted In Its Entirety

# **EXHIBIT B**

Redacted In Its Entirety

# **EXHIBIT C**

Redacted In Its Entirety

# **EXHIBIT D**

Redacted In Its Entirety