# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

JEREMY A. TIGAN
(302) 351-9106
jtigan@mnat.com

Original Filing Date: August 9, 2019
Redacted Filing Date: August 19, 2019

REDACTED - PUBLIC VERSION

The Honorable Jennifer L. Hall
United States District Court
  For the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    *CyDex Pharmaceuticals, Inc. v. Teva Pharmaceuticals, USA, Inc., et al.*
               *C.A. No. 17-1832 (LPS) (JLH)*

Dear Judge Hall:

      Plaintiff CyDex Pharmaceuticals, Inc. ("CyDex") writes in response to the discovery disputes raised by Teva in its letter dated August 6, 2019 (D.I. 100). The Patents-in-Suit relate to an inactive ingredient (called a cyclodextrin). Teva seeks FDA approval to use an infringing cyclodextrin in its proposed ANDA product (a generic version of EVOMELA® (Captisol®-enabled Melphalan HCl for injection)). The present dispute relates to two issues: (1) Teva's demands for cumulative documents containing information that has already been provided by CyDex and offered via stipulation; and (2) Teva's demand that CyDex produce privileged documents.

## 1. CyDex Has Already Produced Customer-Identifying Information

      CyDex produced a document ███████████████████████████████████████████ ███████████████████ In fact, Teva entered the document into evidence during their deposition of Dr. Vincent Antle, who is a named inventor on each of the Patents-in-Suit. Thus, Teva has all of the customer-identifying information it claims to need.

      Teva argues that the identity of the customers is highly relevant to proving the "in this country" element of the on-sale bar. ███████████████████████████████████████ ██████████████████████████████████ The information in the summary documents is more than sufficient for Teva to determine whether sales occurred in the United States prior to the priority dates of the Patents-in-Suit.

The Honorable Jennifer L. Hall
August 9, 2019
Page 2

Teva contends that it also requires CyDex's un-redacted customer names—as well as purchase orders, sales receipts, and shipping evidence—in order to demonstrate that specific lots of Captisol® render the Patents-in-Suit invalid under the on-sale bar. Teva fails, however, to identify how CyDex's underlying purchase orders, sales receipts, and shipping evidence ██████ ████████████ would provide any factual information not already in the summary document.

The cumulative underlying documents that Teva seeks would be overly burdensome to search for and collect. █████████████████████████████████████████████████ ████████████████████ Finding and collecting purchase orders, sales receipts, and shipping evidence for each of these ██████████ would be a burdensome task, which is made more difficult by the fact that these documents were not identified by the search terms agreed upon by the parties. Identifying and producing the documents would be unreasonably cumulative and duplicative of the summary documents, and the burden of searching for these tens of thousands of documents outweighs any minimal benefit that could be provided. *See Teles AG Informationstechnologien v. Quintum Tech., LLC*, C.A. No. 06-197-SLR-LPS, 2009 WL 3648458, at *2-3 (D. Del. Oct. 30, 2009) (holding that producing detailed invoice level data would be burdensome).

Teva's actions during the meet-and-confer process also demonstrate that Teva is not interested in the information it purports to seek. CyDex offered to stipulate to all of the facts that Teva claims to want from the documents, namely that, prior to the critical dates of the Patents-in-Suit, specific lots of Captisol® "were sold, or provided free of charge, to one or more customers *in the United States*." (Emphasis added.) Teva unreasonably demanded that CyDex to agree to the ultimate legal conclusion that the lots "were 'in public use or on sale in this country,' as set forth in 35 U.S.C. § 102(b) (2007)." CyDex explained that Teva's proposed stipulation would be stipulation to a legal conclusion, not to the underlying facts that Teva claims to be seeking from the documents. Teva refused to accept the factual stipulation, and this motion followed.

The documents that Teva seeks to compel are duplicative of the relevant information in the summary documents that CyDex has already produced, are overly burdensome to collect and produce, and not proportional to the needs of the case. The Court should deny Teva's motion.

## 2.    The Documents Sought by Teva are Protected from Discovery

During the preparation of Dr. Antle for his deposition, CyDex discovered that a number of documents containing attorney-client privileged and work product immune information had been inadvertently produced. CyDex immediately informed Teva of its inadvertent production and requested that the documents be destroyed or returned. Teva disputes CyDex's claim of privilege for twelve of these documents and seeks the Court to compel their production.[1]

---

[1] To the extent the Court would find it helpful, CyDex will provide the twelve documents Teva is seeking to obtain for in camera review.

The Honorable Jennifer L. Hall
August 9, 2019
Page 3

███████████████████████████████████████████ *See In re Spalding,* 203 F.3d 800, 805 (Fed. Cir. 2000) (finding that an "invention record constitutes a privileged communication, as long as it is provided to an attorney for the purpose of securing primarily a legal opinion, or legal services, or assistance in a legal opinion."); *see also INVISTA N. Am. S.a.r.l v. M&G USA Corp.,* C.A. No. 11-1007-SLR-CJB, 2013 WL 12171721, at *13 (D. Del. June 25, 2013). ██████████████████████████████ ███████████ Teva has not challenged the privilege designation of the email to which Documents 1-3 were attached.

████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ Document 6, therefore, reflects information protected by the work-product doctrine and the attorney-client privilege. ████████████████████████ ███████████████████ *Kopacz v. Del. River & Bay Auth.,* C.A. No. 04-911 (GMS), 2005 WL 2086747, at *1 (D. Del. Aug. 29, 2005); *see also Hickman v. Taylor,* 329 U.S. 495, 505 (1947); *U.S. v. Rockwell Int'l,* 897 F.2d 1255, 1265-66 (3d Cir. 1990) (document will be granted protection from disclosures if the primary purpose behind its creation was to aid in possible future litigation). Documents 4-5 reflect the same information as Documents 7-8 and 9-12 and are also protected under the work product doctrine. ██████████████████████ Documents 4-5 are protected from disclosure under both the attorney-client privilege and work product immunity. *Id.*

Finally, any testimony Teva would seek from Dr. Antle regarding the above privileged information would also be protected by the attorney-client privilege and work product immunity.

For the foregoing reasons, Teva's motion to compel CyDex's information protected by the attorney-client privilege and/or work-product doctrine should be denied.

Respectfully,

Jeremy A. Tigan (#5239)

JAT/rs
cc:     Clerk of Court (by hand delivery)
        All Counsel of Record (by e-mail)